# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

MARK F. MEDEIROS,
Plaintiff,

v.                                                    C.A. No. 1:26-cv-00174-JJM-PAS

HODOSH, LYON & HAMMER, LTD.,
& PORTFOLIO RECOVERY ASSOCIATES, LLC,
Defendants.

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mark F. Medeiros, Pro Se, alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. The FDCPA prohibits debt collectors from using false, deceptive, misleading, unfair, or

unconscionable means in the collection of consumer debts.

3. Plaintiff does not seek to challenge, overturn, or disturb any state court judgment. This

action instead challenges Defendants' independent conduct in violation of federal law.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper in this District because the events giving rise to this action occurred in

Rhode Island and Defendants transact business in this District.

## III. PARTIES

6. Plaintiff MARK F. MEDEIROS is a natural person residing in Rhode Island.

7. Defendant HODOSH, LYON & HAMMER, LTD. is a law firm engaged in debt collection activities and is a "debt collector" under 15 U.S.C. § 1692a(6).

8. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") is a company engaged in purchasing and collecting consumer debts and is a "debt collector" under 15 U.S.C. § 1692a(6).

9. PRA collects debts directly and through third parties, including Hodosh, Lyon & Hammer, Ltd., which acts as its agent.

## IV. FACTUAL ALLEGATIONS

A. Initial Communication and Timely Dispute

10. On or about December 15, 2024, Plaintiff received a collection letter from Defendant Hodosh, Lyon & Hammer, Ltd. regarding an alleged debt purportedly owed to PRA.

11. On or about December 17, 2024, Plaintiff mailed a written dispute and request for validation of the alleged debt via U.S. certified mail.

12. Defendants received Plaintiff's dispute on or about December 23, 2024. 13. Plaintiff's dispute was timely and within thirty (30) days of receiving the initial communication.

B. Statutory Duty Triggered by Timely Dispute

14. Plaintiff's written dispute was timely under 15 U.S.C. § 1692g(b) because it was sent within thirty (30) days of receiving the initial communication.

15. Pursuant to 15 U.S.C. § 1692g(b), once a consumer timely disputes a debt in writing, a

debt collector must cease collection activity unless and until it provides verification of the debt.

16. Plaintiff's timely dispute triggered Defendants' obligation to cease all collection activity unless and until proper validation of the alleged debt was provided.

17. The obligation to cease collection activity arises immediately upon receipt of a timely dispute and **continues** until verification is provided.

18. Defendants were therefore prohibited from continuing any collection efforts, including sending additional correspondence or initiating a lawsuit, unless and until proper validation was first provided.

C. Failure to Validate and Continued Collection Activity

19. Defendants did not provide validation of the alleged debt at any time after receiving Plaintiff's dispute.

20. Despite not providing validation, Defendants continued collection activity.

21. On or about February 3, 2025, Defendant Hodosh, Lyon & Hammer, Ltd. sent additional collection correspondence to Plaintiff.

22. On or about February 15, 2025, Plaintiff sent an additional written dispute by U.S. Mail reiterating his request for validation.

23. Defendants did not provide validation in response to this additional dispute.

24. On or about May 21, 2025, Defendant Hodosh, Lyon & Hammer, Ltd., acting on behalf of PRA, filed a lawsuit against Plaintiff in the Rhode Island Sixth Division District Court.

25. Defendants' continued collection activity without providing validation, including

correspondence and the filing of a lawsuit, violated 15 U.S.C. § 1692g(b).

26. Each act of continued collection activity after receipt of the dispute constitutes a separate violation of the FDCPA.

D. False and Misleading Representations

27. Defendants' conduct created the false impression that the alleged debt had been verified.

28. In connection with the state court lawsuit, Defendants used affidavits, account records, and related documents that were presented as reliable and accurate evidence of the alleged debt.

29. These materials were used in a manner that would lead the least sophisticated consumer to believe that the alleged debt had been properly verified and that Defendants had a lawful basis to collect.

30. At the time these representations were made, Defendants had not provided validation of the alleged debt to Plaintiff as required by 15 U.S.C. § 1692g(b).

31. Defendants' use of such representations therefore was misleading and created a false impression of legal entitlement to collect the alleged debt.

E. Credit Reporting Conduct

32. Defendant PRA furnished information regarding the alleged debt to consumer reporting agencies, directly or through its agents.

33. After Plaintiff disputed the alleged debt, Defendants failed to communicate that the debt was disputed.

34. Defendant Hodosh, Lyon & Hammer, Ltd., acting as PRA's agent, participated in collection

activity without ensuring that the disputed status of the debt was reported.

35. The failure to report the debt as disputed constitutes false, deceptive, and misleading communication.

F. Nature of Claims and Statute of Limitations

36. Plaintiff does not challenge the validity of any state court judgment.

37. Plaintiff's claims arise from Defendants' conduct after receiving Plaintiff's dispute, including continued collection activity.

38. Each act of continued collection constitutes a separate violation of the FDCPA.

39. Defendants' anticipated statute of limitations defense is without merit because Plaintiff's claims are based on conduct occurring within one year of the filing of this action.

## V. CLAIM FOR RELIEF (FDCPA)

40. Plaintiff incorporates all preceding paragraphs.

41. Defendants violated 15 U.S.C. § 1692g(b) by continuing collection activity after receiving a timely written dispute without first providing validation.

42. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations.

43. Defendants violated 15 U.S.C. § 1692e(8) by failing to communicate that the debt was disputed.

44. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

## VI. DAMAGES

45. Plaintiff is entitled to:

    a. Statutory damages pursuant to 15 U.S.C. § 1692k;

    b. Actual damages;

    c. Costs of litigation.

## VII. JURY DEMAND

46. Plaintiff demands a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff;

B. Award statutory damages;

C. Award actual damages;

D. Award costs;

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted on this 16th day of May 2026,

          /s/ Mark F. Medeiros
          Mark F. Medeiros, Pro Se Plaintiff
          70 Jastram St.
          Providence, RI 02908
          Telephone: (401) 280-8463
          E-mail: markfmdrs@aol.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing was served by ECF/CM procedures to all counsel of record on this 16th day of May 2026 to:

Nathalie Orlandini (#10265)
2800 Financial Plaza
Providence, RI 02903
Telephone: (401)-274-9200
E-mail: Nathalie.orlandini@troutman.com
Counsel for Defendant Portfolio Recovery Associates, LLC

HODOSH, LYON & HAMMER, LTD.
Scott L. Hammer, Esq. (#5558)
41 Comstock Parkway
Cranston, Rhode Island 02921
Telephone: (401) 781-0715 Facsimile: (401) 781-9333
E-Mail: shammer@hlhlegal.com

THE LAW OFFICES OF RONALD S. CANTER, LLC
Bradley T. Canter, Esq. (pro hac vice)
2200 Research Boulevard, Suite 560
Rockville, Maryland 20850
Telephone: (301) 424-7490 Facsimile: (301) 424-7470
E-Mail: bcanter@roncanterllc.com
Attorneys for Defendant Hodosh, Lyon & Hammer, Ltd.

/s/ Mark F. Medeiros
Mark F. Medeiros, Pro Se Plaintiff