**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**
**(Providence Division)**

| | | |
|---|---|---|
| MARK F. MEDEIROS,<br><br>*Plaintiff*,<br><br>v.<br><br>HODOSH, LYON & HAMMER, LTD., ET AL.<br><br>*Defendants*. | ) | Case No: 1:26-cv-00174-JJM-PAS |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Mark F. Medeiros ("Plaintiff") brings claims against Defendant Hodosh, Lyon, & Hammer, Ltd. ("HLH" or "Defendant") alleging that HLH violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. For the reasons stated below, this Court should enter judgment on the pleading in favor of HLH.

## BACKGROUND FACTS

This case arises from Plaintiff's allegations that Defendant HLH, a Rhode Island law firm, violated the FDCPA in collecting a debt owed by Plaintiff to co-defendant, Portfolio Recovery Associates, LLC ("PRA"). *See*, [ECF No. 18] (Amended Complaint at ¶¶ 1, 7-9).[1] On or about December 15, 2024, Defendant sent Plaintiff a collection letter regarding a debt owed to PRA. ¶ 10. Two days later, Plaintiff mailed Defendant a written dispute and requested validation of the debt. ¶ 11. He then contends that on February 3, 2025, Defendant sent a second collection letter to him, which he again disputed and requested validation. ¶¶ 21-22. Plaintiff alleges that despite

[1] All further references to the Amended Complaint will be by paragraph number only.

his two letters, Defendant never provided validation pursuant to 15 U.S.C. § 1692g. ¶¶ 20, 23]. To the contrary, Defendant sent validation of Plaintiff's debt on May 1, 2025. *See*, [ECF No. 19] (Answer to Amended Complaint at ¶¶ 19-20 and Exhibit 1). Weeks after its compliance with 15 U.S.C. § 1692g in sending the validation letter, Defendant filed a lawsuit on behalf of PRA in the Rhode Island Sixth Division District Court seeking to enforce the debt owed by Plaintiff. ¶ 24. In the underlying case, the state court entered judgment in favor of PRA and against Plaintiff. *See*, [Exhibit 1].[2]

Plaintiff filed the instant lawsuit on March 26, 2026, more than one (1) year after he admits he received the two collection letters referenced in his Complaint. [ECF No. 1]. He claims that Defendant violated the FDCPA, §§ 1692e, e(8), f, and g(b) in two instances; First, by proceeding with collection action in sending letters and filing the state court lawsuit without first validating the debt and second, by failing to communicate in a credit report that the debt was disputed. For the reasons set out below, this Court should grant this Motion and enter judgment on the pleadings in favor of HLH.

## LEGAL STANDARD

This Court's analysis under Rule 12(c) motions for judgment on the pleadings is the same as under a Rule 12(b)(6) motions to dismiss. *Grajales*, 682 F.3d at 44. Under this standard, the Court views the facts contained in the pleadings in the light most favorable to the nonmoving party. *Id.* It may grant the motion if the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Pasdon v. City of Peabody*, 417 F.3d 225, 224 (1st Cir. 2005). The court must accept all factual allegations as true but need not credit any conclusory legal allegations. *Borrás-Borrero v. Corporación del Fondo del Seguro del Estado*, 958 F.3d 26, 33 (1st

[2] On a Rule 12(c) motion, the court can consider documents incorporated by reference, matters of public record, and facts susceptible to judicial notice. *Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012).

Cir. 2020); *Stafford v. CSL Plasma*, Inc. 504 F.Supp.3d 9, 11-12 (D.R.I 2020). A Rule 12(c) motion nonetheless differs from a Rule 12(b)(6) motion because it implicates the pleadings as a whole. *See Lopes v. Riendeau*, 177 F.Supp.3d 634, 665 (D.Mass. 2016), *citing Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 54-55 (1st Cir. 2006). Because it is filed after the close of pleadings, a Rule 12(c) motion is "based solely on the factual allegations in the complaint and answer." *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 8 (1st Cir. 2002) (emphasis added).

If a defendant attaches a document to its answer rather than simply making a contradicting textual allegation, the court may consider the documents as part of the pleadings if the documents' authenticity is not disputed, the documents are central to plaintiffs' claim, and documents are sufficiently referred to in the complaint. *Curran v. Cousins*, 509 F.3d 36, 43-44 (1st Cir. 2007). When such a document contradicts mere allegations in the complaint, the document trumps the allegations. *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 32 (1st Cir. 2000). *See also*, *Paulino v. Bank of New York Mellon N.A.*, 728 F.Supp.3d 221, 227 (D.Mass. 2024) (holding that where a document contradicts plaintiff's conclusory allegations, the document trumps the allegation).

**ARGUMENT**

The Plaintiff makes several claims under the FDCPA, namely 15 U.S.C. §§ 1692(e), (f), and (g). To establish liability under the FDCPA, Plaintiff must show "(1) that [he] was the object of collection activity arising from a consumer debt; (2) defendants are debt collectors as defined by the FDCPA; and (3) defendants engaged in an act or omission prohibited by the FDCPA." *Lema v. Nationstar Mortgage, LLC*, 603 F.Supp.3d 17, 21 (D.R.I. 2022). Upon review of the pleadings, Plaintiff has failed to show a valid claim under the FDCPA.

**I. Plaintiff Has Not Established HLH's Collection Activity Arose From A Consumer Debt.**

In order to proceed on claims under the FDCPA, Plaintiff must make a threshold showing that the collection activity involved a consumer debt, defined in the act as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes…" 15 U.S.C. § 1692a(5). "Not all ordinary court-related documents or lawsuits involving the collection of a debt implicate the FDCPA." *O'Connor* v. *Nantucket Bank*, 992 F.Supp.2d 24, 32 (D.Mass. 2014), *citing Heintz v. Jenkins*, 514 U.S. 291, 296 (1995).

Plaintiff's Amended Complaint is entirely devoid of any facts to make a requisite showing that the debt at issue arose primarily for personal, family, or household purposes, and therefore is a "debt" under the FDCPA. *See generally*, [ECF No. 18]. Since the Amended Complaint does not properly allege a consumer debt, judgment on the pleadings is appropriate in favor of HLH. *See e.g.*, *Tarazon v. LTD Fin. Servs. L.P.*, 2019 WL 13258507, at *3 (S.D.Tex. Jan. 31, 2019) ("A plaintiff fails to establish an FDCPA claim when he alleges, without any accompanying factual content, simply a recitation of § 1692a(5)").

**II. Even If Plaintiff Properly Alleged a Consumer Debt, Plaintiff's Claims Arising From the Letters Sent By HLH Are Barred by the Statute of Limitations.**

Plaintiff asserts that Defendants violated the FDCPA by allegedly failing to validate Plaintiff's debt as requested prior to sending a collection letter to Plaintiff on or about February 3, 2025. *See*, [Amended Complaint at ¶ 21]. His allegation is refuted by the validation sent to him and attached as Exhibit 1 to Defendant's Answer. [ECF No. 19-1]. Regardless, the FDCPA has a one (1) year statute of limitations. 15 U.S.C. § 1692(k)(d). Plaintiff filed his Complaint in this action on March

26, 2026. As such, any violation of law arising from Defendants' collection letter (dated February 3, 2025) is barred by the statute of limitations as the letter was sent over one year before Plaintiff initiated this action.

### III. Claims Under 1692(g) Fail Because HLH Provided Validation Before Proceeding with its Collection Lawsuit.

Plaintiff's allegations that HLH violated section 1692(g) fail because HLH provided validation prior to filing the collection lawsuit against Plaintiff. The validation letter of Plaintiff's debt sent by HLH to Plaintiff was sent on May 1, 2025. *See,* [ECF No. 19-1]. Once validation has been sent, collection activity may resume. 15 U.S.C. § 1692(g)(b). No provision of the FDCPA imposes a specific timeframe for a debt collector to furnish validation of a debt following a consumer's timely request for validation. Here, HLH filed suit against Plaintiff twenty (20) days after sending the validation letter, and therefore no violation of § 1692(g) occurred.

This Court must consider the validation letter attached to the pleadings. A document is incorporated into the pleadings when (i) its authenticity is not disputed, (ii) it is central to plaintiff's claim, and (iii) it is sufficiently referred to in the complaint. *Curran v. Cousins*, 509 F.3d 36, 43-44 (1st Cir. 2007). As a document incorporated into the pleadings, the validation letter trumps Plaintiff's conclusory allegation that Defendant never sent validation. *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 32 (1st Cir. 2000); *see also*, *Paulino v. Bank of New York Mellon N.A.*, 728 F.Supp.3d 221, 227 (D. Mass. 2024) (holding that where a document contradicts plaintiff's conclusory allegations, the document supersedes the allegation). Because HLH sent Plaintiff validation of Plaintiff's debt <u>prior to</u> filing the lawsuit, any allegation that HLH violated 1692(g) by proceeding in state court without first validating the debt fails.

## IV. Claims Related to Credit Reporting Fail Because There is No Allegation That HLH Reported Any Credit Information.

Plaintiff alleges that Defendant PRA reported credit information to credit reporting agencies without noting that the alleged debt was disputed. [Amended Complaint at ¶¶ 32]. He makes no allegation that HLH reported any such credit information or a credit reporting agency. As such, any claim against HLH for violation of § 1692e(8) fails.

## V. Plaintiff Has No Claim Under 1692(f).

Plaintiff's alleged claims are brought through specific provisions under § 1692e and 1692g, and therefore Plaintiff cannot maintain a claim under § 1692f. Any claim arising under § 1692f is impermissibly duplicative because that subsection prohibits conduct that falls within its listed provisions, or conduct that falls outside of the FDCPA violations that are deemed unfair or unconscionable. Courts have held that a § 1692f claim is deficient if it fails to identify any misconduct beyond which Plaintiff already contends violates other provisions of the FDCPA. *See Sutton v. Financial Recovery Services, Inc.*, 121 F.Supp.3d 309, 316 n.2 (E.D.N.Y. 2015) ("There is a line of cases stating that where a complaint fails to identify any misconduct beyond that which plaintiffs assert violate other provisions of the FDCPA, that alone is basis for the dismissal of a claim under section 1692f") (internal citations omitted); *Strouse v. Enhanced Recovery Co., L.L.C,* 965 F.Supp.2d 627, 637 (E.D.Pa. 2013). Here, Plaintiff makes a conclusory allegation that Defendants violated § 1692(f) without specifying misconduct separate from his other claims under the FDCPA.

## VI. Plaintiff Lacks Standing as Plaintiff Has Failed to Identify Concrete Harm/Injury Attributable to Defendant HLH's Actions.

Even if the court finds that Plaintiff's FDCPA claims are validly stated, Defendant is still entitled to judgment because he lacks standing to be brought in federal court. The judicial power

of federal courts is restricted to resolution of "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1. For Plaintiff to bring a case or controversy to federal court, the Plaintiff must identify a concrete injury that he suffered. *TransUnion LLC v. Ramirez,* 594 U.S. 413, 417 (2021) (stating *inter alia* "No concrete harm, no standing"). The Plaintiff may not allege bare procedural violations divorced from any tangible harm. *Spokeo, Inc. v. Robins,* 578 U.S. 330, 341. Standing also requires that Plaintiff show that harm was caused by Defendant's conduct. *Id*. at 423 (citing *Casillas v. Madison Avenue Assocs., Inc.,* 926 F.3d 329, 333 (2019)). Plaintiff's claims either (1) fail to identify any injury, economic or non-economic, that resulted from any alleged violation of law or (2) fail to allege any harm caused by HLH. Therefore, each of Plaintiff's claims lack standing in federal court.

**CONCLUSION**

Based on the foregoing, this Court should grant Defendant's Motion for Judgment on the Pleadings because (i) Plaintiff fails to establish the collection activity arose from a consumer debt, (ii) any liability arising from Defendant's debt collection letters are barred by the one (1) year statute of limitations, (iii) HLH provided validation of Plaintiff's debt before proceeding with the collection lawsuit, (iv) at no time did HLH credit report the debt, (v) any claim arising under § 1692(f) is impermissibly duplicative, and (vi) Plaintiff lacks standing to bring a case or controversy in federal court.

HODOSH, LYON & HAMMER, LTD.

/s/ Scott L. Hammer
Scott L. Hammer, Esq. (#5558)
41 Comstock Parkway
Cranston, Rhode Island 02921
Telephone: (401) 781-0715
Facsimile: (401) 781-9333
E-Mail: shammer@hlhlegal.com

THE LAW OFFICES
OF RONALD S. CANTER, LLC

/s/ Bradley T. Canter
Bradley T. Canter, Esq. (*pro hac vice)*
2200 Research Boulevard, Suite 560
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
E-Mail: bcanter@roncanterllc.com

*Attorneys for Defendant Hodosh, Lyon & Hammer, Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served by ECF/CM procedures to all counsel of record, and by ECF/CM notification to:

Nathalie Vega Orlandini, Esq.
2800 Financial Plaza
Providence, RI 02903
Nathalie.orlandini@troutman.com
*Attorney for Portfolio Recovery Associates, LLC*

And by first class mail, postage prepaid on this 23rd day of June, 2026 to:

Mark F. Medeiros
70 Jastram Street
Providence, RI 02908
markfmdrs@aol.com
*Plaintiff*

/s/ Scott L. Hammer
Scott L. Hammer, Esquire