# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

MARK F. MEDEIROS,
Plaintiff,

v.                                              Civil Action No: 1:26-cv-00174-JJM-PAS

HODOSH, LYON & HAMMER, LTD. &
PORTFOLIO RECOVERY ASSOCIATES, LLC,
Defendants.

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

### I. INTRODUCTION

Defendant's Motion ignores the well-pleaded allegations of the Amended Complaint and instead relies on disputed facts and improper inferences. When the allegations are accepted as true—as required at this stage—Plaintiff has plausibly alleged multiple violations of the Fair Debt Collection Practices Act ("FDCPA"). The Motion should be denied.

### II. LEGAL STANDARD

A Rule 12(c) motion is governed by the same standard as Rule 12(b)(6), requiring the Court to accept all factual allegations as true and draw all reasonable inferences in favor of Plaintiff.

### III. ARGUMENT

A. Plaintiff Adequately Alleges FDCPA-Prohibited Conduct

Plaintiff specifically alleges that:

• He submitted a timely written dispute on December 17, 2024.

• Defendants received the dispute on December 23, 2024.

• Defendants were therefore required to cease collection activity unless and until validation was provided.

Plaintiff further alleges that:

• Defendants continued collection activity after receiving the dispute.

• Defendants sent additional correspondence on February 3, 2025.

• Defendants filed a collection lawsuit on May 21, 2025.

These allegations, taken as true, state a clear violation of 15 U.S.C. § 1692g(b).

B. Defendant's Statute of Limitations Argument Fails Defendant focuses narrowly on a February 3, 2025 letter. However, Plaintiff's claims are expressly based on continuing conduct, including:

• Additional collection communications

• Failure to validate

• Filing of a collection lawsuit Plaintiff explicitly alleges: "Each act of continued collection… constitutes a separate violation of the FDCPA."

Because the lawsuit and continuing conduct occurred within one year of filing, the claims are not time-barred.

C. Defendant's "Validation" Argument Raises Factual Disputes

Defendant asserts that it provided validation. However, Plaintiff alleges: "Defendants did not provide validation… and continued collection activity."  At minimum, this creates a factual

dispute regarding:

• Whether validation was provided

• Whether it was timely

• Whether collection activity continued before validation

Such disputes cannot be resolved on a Rule 12(c) motion.

D. Plaintiff States a Viable Claim Under § 1692e

Plaintiff alleges that Defendants created a false impression that the debt had been verified and used documents in litigation that would mislead the least sophisticated consumer. These allegations plausibly state a claim under § 1692e.

E. Credit Reporting Claims Are Sufficient at the Pleading Stage Plaintiff alleges that Defendants failed to communicate that the debt was disputed and that Hodosh, Lyon & Hammer, Ltd. acted as PRA's agent in connection with collection activity. Discovery is required to determine the precise role of each Defendant.

F. Plaintiff Has Standing Defendant argues lack of concrete injury. However, Plaintiff alleges unlawful debt collection conduct, including continued collection and litigation activity in violation of federal law. Courts recognize that such conduct gives rise to concrete harm, including confusion, stress, and time spent addressing unlawful collection. Plaintiff suffered concrete harm including emotional distress, confusion, and time spent addressing Defendants' unlawful conduct.

G. The Motion Improperly Relies on Extrinsic Evidence Defendant relies on a purported

validation letter attached to its Answer. Whether that document constitutes proper validation—and whether it was timely—is a factual issue inappropriate for resolution under Rule 12(c).

IV. REQUEST FOR LEAVE TO AMEND

If the Court finds any deficiency, Plaintiff respectfully requests leave to amend.

V. CONCLUSION

Plaintiff has plausibly alleged multiple FDCPA violations, including continued collection activity after a timely dispute and filing of a collection lawsuit. Defendant's Motion should be DENIED.

Respectfully submitted on this 23rd day of June, 2026,


/s/ Mark F. Medeiros
Mark F. Medeiros, Pro Se Plaintiff
70 Jastram St.
Providence, RI 02908
Telephone: (401) 280-8463
E-mail: markfmdrs@aol.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned does hereby certify that a true and correct copy of the foregoing was served by ECF/CM procedures to all counsel of record on this 23rd day of June, 2026 to:

Nathalie Orlandini (#10265)
2800 Financial Plaza
Providence, RI 02903
Telephone: (401)-274-9200
E-mail: Nathalie.orlandini@troutman.com
Counsel for Defendant Portfolio Recovery Associates, LLC

HODOSH, LYON & HAMMER, LTD.
Scott L. Hammer, Esq. (#5558)
41 Comstock Parkway
Cranston, Rhode Island 02921
Telephone: (401) 781-0715 Facsimile: (401) 781-9333
E-Mail: shammer@hlhlegal.com

THE LAW OFFICES OF RONALD S. CANTER, LLC
Bradley T. Canter, Esq. (pro hac vice)
2200 Research Boulevard, Suite 560
Rockville, Maryland 20850
Telephone: (301) 424-7490 Facsimile: (301) 424-7470
E-Mail: bcanter@roncanterllc.com
Attorneys for Defendant Hodosh, Lyon & Hammer, Ltd.

/s/ Mark F. Medeiros
Mark F. Medeiros, Pro Se Plaintiff