UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK F. MEDEIROS,<br>　　　Plaintiff,<br><br>　　v.<br><br>HODOSH, LYON, & HAMMER, LTD;<br>and PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 26-cv-174-JJM-PAS

ORDER

Mark F. Medeiros sued an alleged creditor, Portfolio Recovery Associates, LLC ("Portfolio"), and the law firm representing the creditor, Hodosh, Lyon, & Hammer, LTD ("Hodosh").  Mr. Medeiros claims a violation of the Fair Debt Collection Practice Act ("FDCPA").  Hodosh has moved to dismiss the Amended Complaint (ECF No. 18) for several reasons (ECF No. 21) and Mr. Medeiros objects.  ECF No. 22.

Hodosh lists six reasons why the Amended Complaint should be dismissed. The Court will briefly rule on each in order.

1. *Consumer Debt*: Because the Plaintiff is pro se, the Court will liberally read his Amended Complaint.  Mr. Medeiros alleges that the alleged debt was "consumer debt," and therefore he has plausibly alleged the necessary element under the FDCPA.  *See* ECF No. 18 at 1 ("damages brought by an individual consumer. . .").  Dismissal of the Amended Complaint on this ground fails.

2. *Statute of Limitations*:  Because Mr. Medeiros alleges a continuing violation beyond the February 3, 2025 collection letter, dismissal of the Amended Complaint on this ground fails.

3. *Validation*:  Because Mr. Medeiros alleges in the Amended Complaint that he did not receive any requested validation of the debt, dismissal of the Amended Complaint on this ground fails ("Defendants did not provide validation of the alleged debt at any time after receiving the Plaintiff's dispute.")  ECF No. 18 at 3 ¶ 19.

4. *Credit Reporting*: Mr. Medeiros brings two "claims for relief" under 15 U.S.C. § 1692e.  *See* ECF No. 18 at 5, ¶¶ 42-43.  Because Mr. Medeiros does not make any plausible allegations concerning Hodosh "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" 15 U.S.C. 1692e(8)) his claim based on that subsection (¶ 43) fails.  Still, the general claim under 15 U.S.C. § 1692e (¶ 42) stands.

5. *15 U.S.C. § 1692f*: Mr. Medeiros alleges all the necessary elements of a claim under section 1692f, and Hodosh does not set forth any case within the First Circuit that would deny Mr. Medeiros this claim because he also alleged claims under 1692e, dismissal of the Amended Complaint on this ground fails.

2

6. *Standing*: Mr. Medeiros alleges that Hodosh's failures to comply with the FDCPA false and misleading representation were made to the state district court resulting in monetary damages.  Also, he asserts harm from the allegedly illegal collection efforts "including emotional distress, confusion, and time spent addressing Defendants' unlawful conduct."  ECF No. 22 at 3.[1]  Therefore, Mr. Medeiros has alleged sufficient concrete injury to afford him standing to bring these claims.

The Court DENIES IN PART and GRANTS IN PART the Defendant Hodosh, Lyon, & Hammer, LTD's Motion for Judgment on the Pleadings.  ECF No. 21.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

July 9, 2026

---

[1] While this quote is taken from Mr. Mederios' opposition to the Motion for Judgment on the Pleadings, Mr. Medeiros asked for leave to file an amended complaint to address any deficiencies in his complaint (ECF No. 22 at 4), and therefore the Court will deem the Amended Complaint amended to include these specific statements.